17-649-ag
*Pllumaj v. Whitaker*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand eighteen.

PRESENT:  José A. Cabranes,
　　　　　 Rosemary S. Pooler,
　　　　　 Christopher F. Droney,
　　　　　　　　 *Circuit Judges.*

---

Florenc Pllumaj,

　　　　　　　 *Petitioner*,　　　　　　　　　　　　17-649-ag

　　　　　　　 v.

Matthew J. Whitaker, Acting United States
Attorney General,

　　　　　　　 *Respondent.*

---

**FOR PETITIONER:**　　　　　　　　　　　Gregory Marotta, Vernon, NJ.

**FOR RESPONDENT:**  COLETTE J. WINSTON, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division (Janette L. Allen, Senior Litigation Counsel, *on the brief*), *for* Chad A. Readler, Acting Assistant Deputy Attorney General, United States Department of Justice, Civil Division, Washington, D.C.

Petition for review of an order of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Florenc Pllumaj ("Pllumaj"), a native and citizen of Albania, seeks review of a February 8, 2017 decision of the Board of Immigration Appeals ("BIA") affirming an October 19, 2015 decision of an Immigration Judge ("IJ") denying Pllumaj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Florenc Pllumaj*, No. A205 879 871 (B.I.A. Feb. 8, 2017), *aff'g* No. A205 879 871 (Immig. Ct. N.Y. City Oct. 19, 2015). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under the circumstances of this case, we have reviewed the IJ's adverse credibility determination as supplemented by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008). In assessing an applicant's credibility, the agency must "[c]onsider[ ] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies or omissions in his or his witnesses' statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. "[A]lthough IJs may rely on non-material omissions and inconsistencies, . . . [a] trivial inconsistency or omission that has no tendency to suggest a petitioner fabricated his or her claim will not support an adverse credibility determination."

2

*Hong Fei Gao v. Sessions*, 891 F.3d 67, 77 (2d Cir. 2018).[1] Here, substantial evidence supports the adverse credibility determination.

The BIA concluded that Pllumaj's merits hearing testimony concerning an October 2012 attack—specifically, that his assailants mentioned his membership in the Christian Democratic Party of Albania ("PKD")—was inconsistent with the account he provided during his credible fear interview. *See* Certified Admin. R. 4 (observing that, during credible fear interview, Pllumaj stated that his assailants "did not say anything to him at all and just beat him"). This is not a "trivial inconsistency or omission," as it goes to the heart of Pllumaj's asylum claim.

In addition, the agency reasonably relied on inconsistencies concerning the year Pllumaj allegedly joined the PKD, and the identity of the attackers involved in the two incidents of past persecution underlying his claim. *See Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (quoting 8 U.S.C. § 1158(b)(1)(B)(iii); emphasis in original)). The agency reasonably concluded that Pllumaj did not provide compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted; emphasis in original)).

The IJ's credibility determination is also supported by Pllumaj's testimony concerning the documentary record. For instance, Pllumaj failed to provide a compelling explanation for why his and his father's PKD party membership cards were numbered sequentially despite them having joined the party several years apart. *See id.* And though Pllumaj claimed to have done election-related work for the PKD, he could not accurately describe the PKD symbol on his membership card. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (noting that the agency is entitled to rely on an "inference . . . made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience").

Finally, the agency reasonably relied on Pllumaj's demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Pllumaj does not dispute that he was hesitant and nonresponsive to questions on cross examination. Instead, he contends that his shift in demeanor resulted from difficult questioning. In light of the inherent difficulty of assessing such claims from a cold record, and in the absence of a more compelling explanation, we defer to the IJ's demeanor finding. *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73 (2d Cir. 2004) (observing that an IJ "who assesses testimony together with witness demeanor

---

[1] *Gao* issued after briefing in this case was complete, but the parties submitted supplemental briefing on its applicability.

is in the best position to discern, often at a glance, whether a question that may appear poorly worded on a printed page was, in fact, confusing or well understood by those who heard it . . . [and] whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'"), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

Given the inconsistency and demeanor findings relating to Pllumaj's political activities and alleged harm, the totality of the circumstances supports the IJ's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-67. The adverse credibility determination is dispositive because the claims for asylum, withholding of removal, and CAT relief are all based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

## CONCLUSION

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4